Dear Chief Vincent:
This office is in receipt of two letters from you requesting an opinion from the Attorney General. In your first letter you inquire as to whether an elected police chief in a Lawrason Act municipality has the authority to set vacation leave policy for police officers, or as you ask, should this be something that is decided upon or changed by the city clerk. Later you wrote and clarified your request by asking whether an elected police chief under the Lawrason Act has the right to set vacation time for the police officers or is that a matter to be decided upon or changed by the city council.
Chapter 4, Part II, Subpart B of Title 33 of the Louisiana Revised Statutes, Consisting of R.S. 33:2211, et seq., supplies minimum wage, maximum hours, and leave requirements for municipal police employees, but applies only to municipalities with populations above 12,000 persons. See La.R.S. 33:2211(A) and 2214(A). Since the Town of Lake Arthur has a population of approximately 3,000 persons, the minimum requirements of R.S. 22:2214 pertaining to leave for municipal police employees do not apply to the Town of Lake Arthur Police Department. Absent a statutory mandate, the question of whether and to what extent a municipal police officer may earn personal or sick leave and/or accumulate annual leave from year to year may be controlled by any applicable ordinances enacted by the governing authority of the municipality with a population under 12,000 citizens. *Page 2 
R.S. 33:1361 gives municipal authorities the power to adopt Ordinances and Laws as follows:
 On or before January 1, 1977, all municipalities, or parish governing authorities, regardless of population, shall adopt a code embracing all of the laws which they have enacted, pursuant to and in accordance with the provisions of this Part. (Amended by Acts 1972, No. 61, § 1; Acts 185. No. 635, § 1.)
La.R.S. 33:1361. This legislative authority allows the Lake Arthur Board of Aldermen to adopt ordinances and laws that include provisions governing annual leave for employees of the Town of Lake Arthur.
The Board of Alderman of the Town of Lake Arthur enacted such an ordinance regulating the employment of municipal employees.[1]
Ordinance No. 519, enacted on February 6, 2008, governs employment for all town employees who deal with the general public, a term which in our opinion includes within its scope the Town police officers. This Ordinance specifically addresses annual leave as follows:
 Section 5. Leave
 B. Annual leave: (1) Annual leave is leave with pay granted to full-time employees for the purpose of rehabilitation, restoration and maintenance of work efficiency, or transaction of personal affairs.
 a. After the first (1st) full year of service, a permanent employee shall earn .01925 hour for each regular hour of credited work time.
 b. During the second through the fifth (2nd — 5th) year of service, a permanent employee shall earn .0385 hour for each regular hour of credited work time.
 c. During the sixth through the tenth (6th — 10th) year of service, a permanent employee shall earn .046153 for each regular hour of credited work time.
 d. During the eleventh to the fifteenth (11th — 15th) year of service, a permanent employee shall earn .0577 hour for each regular hour of credited work time. *Page 3 
 e. After completing the fifteenth (15th) year of service, an employee shall earn .0770 hour for each regular hour of credit work time.
This exercise of legislative authority overlays the responsibilities of the Chief of Police, in a Lawrason Act municipality such as Lake Arthur, in which the Chief of Police is generally responsible for all aspects of the administration of his department.[2] The Chief of Police is consequently the final authority in the day-to-day operation of his office and equipment. The governing authority cannot revoke or impair the inherent powers of an elected chief of police, which powers have been defined "as the power to supervise the operation of the police department and assign its personnel and control its equipment."[3]
However, the Chief of Police's powers are not unlimited He does not hire or fire his subordinate police officers, he can only recommend individuals for hiring, firing, and/or disciplinary action.[4] The municipal governing authority has the final say on such matters and controls the number of police officers on the force by setting the budget for the police department. The budget thus controls the number of police officers on the force and, indirectly may control the hours the police work. This general budgetary authority, of course, in conjunction with the specifics of Ordinance 591, affects the accrual of annual leave for police officers.
Nevertheless, the Chief of Police does have authority to direct the daily operations of his office. The governing authority cannot infringe on this authority by assigning work hours for the police personnel. Thus, although the Chief of Police must follow the annual leave accrual policy as determined by the Board of Aldermen in Ordinance 591, the Chief, through his authority to supervise the operation of his department and personnel, may determine when police officers can take their accrued annual leave. *Page 4 
We also note that absent a mandate contained in a statute or governing ordinance of the municipality, the question of accumulation or carryover of annual leave from year to year is controlled by any applicable rules, policies, or customs of the individual police department.[5] With regard to whether accumulation is available in a given circumstance, this Office has previously observed:
 We must . . . look to the nature of the benefit, which is, the right to take [a certain number] of vacation per year after [certain years] of service . . . for the purpose of providing rest and recreation to the employee. It is not for the purpose of accumulating a vacation or savings account unless that is stated or allowed in the [legislation], rules or by custom of the employer. In other words, unless some source of law states that the benefit may be accumulated, the vacation days expire if they are not used. It is vital to note at this point, that the employee must be given a valid opportunity to use this leave. It must be his choice not to use it. In that the [legislation] is silent on accumulation, we must next look to the rules, custom or policy of the police department. These policies must, of course, be uniform in their application. . . . If the department allows its employees to accumulate this vacation leave and carry it over year after year then the benefit becomes one of accrued annual leave. If the department rules do not allow this accumulation of leave, then at the end of the year, any unused earned vacation leave is lost.
La. Atty.Gen.Op. No. 92-383.
The Ordinance you provided to this office is silent as to accumulation of annual leave. We believe that in the absence of a controlling ordinance, the department's policy or custom regarding annual leave accumulation may be set by the Chief of Police. We have been provided no information as to whether the department's rules or customs allow for accumulation of annual leave from year to year. In the absence of such a policy or custom, annual leave would have to be used before the end of the year or be lost. In this respect, the Chief of Police would have the authority to dictate the accrual aspect of the annual leave policy for his department.[6] *Page 5 
We hope that this sufficiently answers your request. If we can be of further assistance, do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL Attorney General
 By: __________________________ ROSE POLITO WOODEN Assistant Attorney General JDC:RPW:jv
 Encls.
[1] This is based upon the document you provided entitled EmployeePolicy Manual for the Town of Lake Arthur Ordinance No. 519, adopted February 6, 2008.
[2] See La. Atty. Gen. Op. Nos. 98-204, 97-393, 98-460
[3] See Atty. Gen. Op. Nos. 97-393 98-460.
[4] R.S. 33:423 states: A. The marshal shall be the chief of police and shall be ex officio a constable. He shall have general responsibility for law enforcement in the municipality, and shall be charged with the enforcement of all ordinances within the municipality and all applicable state laws. He shall perform all other duties required of him by ordinance. In those municipalities governed .by the provisions of this Part, R.S. 33:321 et seq., which have a chief of police elected by the qualified voters thereof, he shall make recommendations to the mayor and board of aldermen for appointment of police personnel, for the promotion of officers, to effect disciplinary action, and for dismissal of police personnel. Such nominations or recommendations are to be made regardless of race, color, disability, as defined in R.S. 51:2232(11), or creed.
[5] See La. Atty.Gen.Op. Nos. 92-383, 00-255, 03-091.
[6] For guidance regarding accrual and vesting issues, see also
La. Atty. Gen. Op. No. 03-248.